IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division

| | | |
|---|---|---|
| *In re:* | * | |
| | * | Case No. 10-12041 |
| **JAMES GAMBLE** | * | |
| **GERALDINE GAMBLE** | * | Chapter 7 |
| | * | |
| Debtors | * | |

| | | |
|---|---|---|
| **JAMES GAMBLE** | * | |
| | * | |
| Plaintiffs | * | |
| | * | Adv. Pro. No. |
| v. | * | |
| | * | |
| **FRADKIN & WEBER, P.A.,** | * | |
| **CONTINENTAL FINANCE COMPANY,** | * | |
| **FIRST BANK OF DELAWARE** | * | |
| | * | |
| Defendants | * | |

**COMPLAINT SEEKING DAMAGES IN FOR VIOLATIONS OF THE DISCHARGE INJUNCTION AND FAIR DEBT COLLECTION PRACTICES ACT**

**INTRODUCTION**

1. This action seeks redress for the unlawful and deceptive practices committed by the Defendants in connection with their efforts to collect a debt discharged by the debtors' bankruptcy. Defendants' conduct involves falsely representing that a discharged debt is still owed, the sole purpose of which is to coerce the payment of a discharged debt. Plaintiff seeks monetary, declaratory and injunctive relief based on violations of 11 U.S.C. § 524 and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.

2. This action is also filed to enforce the Order of Discharge duly entered in this case, and to enforce and to implement other Bankruptcy Code provisions and Rules related thereto, and to prevent an abuse of process and to preclude the frustration of the orderly discharge of the claims in this case.

**JURISDICTION**

3. Jurisdiction is conferred on this Court pursuant to the provisions of Section 1334 of Title 28 of the United Stated Code in that this proceeding arises in and is related to the above-captioned Chapter 13 case under Title 11 and concerns property of the Debtors in that case.

4. This Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code, Section 157(b)(2) of Title 28 of the United States

Code

5. This Court also has jurisdiction to hear the Fair Debt Collection Practices Act violations pursuant to Section 1692 of Title 15 of the United States Code; thus, federal subject matter jurisdiction is properly founded upon Section 1331 of Title 28 of the United States Code.

6. This matter is primarily a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order. However, in the event this case is determined to be a non-core proceeding then and in that event the Plaintiffs consent to the entry of a final order by the Bankruptcy Judge.

6. Venue lies in this District pursuant to Section 1391(b) of Title 28 of the United States Code.

## PARTIES

7. Plaintiff is a resident of Prince George's County, Maryland.

8. Defendant, Continental Finance Company, LLC("Continental") is a credit card provider, that is a registered Limited Liability Company in Delaware whose registered agent is Business Filings Incorporated located at 108 West 13th Street, Wilmington, DE 19801.

9. Defendant First Bank of Delaware ("First Bank") is a banking institution that issued the credit cards provided by Defendant Continental. First Bank's principal place of business is located at 1000 Rocky Run Parkway, Wilmington, DE 19803.

10. Defendant Fradkin & Weber, P.A.is a law firm engaging in the business of debt collection. Its principal place of business is located at 200 E Joppa Road, Towson, MD 21286. Defendant Fradkin & Weber, P.A. is a debt collector as that term is defined by 15 U.S.C. §1692a(6) in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

## FACTS

9. On January 29, 2010, the Plaintiff sought protection from his creditors by filing a joint voluntary Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the District of Maryland.

10. The 341(a) meeting of creditors was held in Greenbelt, Maryland on March 10, 2010.

11. In the schedules filed with the petition in this case and on the master mailing matrix filed with the Clerk of this Court, a debt was listed in favor of "Continental Finance Mastercard" for a unsecured loan in the amount of $707.70. A copy of the filed Schedule F is attached as **Exhibit A**.

12. The Chapter 7 Trustee filed a Report of No Distribution on or about March 11, 2010.

13. There were no Objections to Discharge or Adversary Proceedings filed under 11 U.S.C. 523 to determine the dischargeability of this debt.

14. On May 12, 2010, the Plaintiff was granted a discharge of all dischargeable debts pursuant to 11 U.S.C. § 524. The Plaintiff alleges that this Discharge included the debt to the Defendant.

15. The Clerk of this Court filed a copy of the Court's BNC Certificate of Mailing of the Order

Discharging Debtor on May 14, 2010. Defendant was one of the creditors listed on this Certificate, a copy of which is attached as **Exhibit B.** The address listed is the same address as the one listed for customer inquiries on Defendant Continental's website. A screenshot is attached as **Exhibit C.**

16. There is no Notice of Returned Mail filed by the Court in regards to the mailing of the Order of Discharge.

17. Plaintiff alleges that at some point after the Order of Discharge was entered, the underlying debt was sold to entities known as "debt buyers" who buy charged off or discharged debt at a fraction of the face value of the original debt and then attempt to collect this debt.

18. On or about June 28, 2010, Defendant Fradkin & Weber, P.A. filed a lawsuit in the District Court of Prince Georges County to collect on the debt owed to Defendants First Bank/Continental. A copy of the Complaint is attached as **Exhibit D.**

19. A summons was issued upon the Debtor on or about April 14, 2011 with trial set for June 23, 2011. A copy of this summons is attached as **Exhibit E**.

20. The actions of the Defendants as alleged herein constitute willful, intentional, gross and flagrant violations of the provisions of Section 524 of Title 11 of the United States Code.

20. The actions of the Defendants as alleged herein are acts in violation and contempt of the Order of Discharge entered by this Court.

21. The actions of the Defendants as alleged herein are acts in violation of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq.,

22. Defendant has failed to implement any effective policy to assure that its collection personnel comply with either the automatic stay or the discharge injunction.

23. Defendant has failed to implement any effective procedures to eliminate the improper contacts with consumer debtors who are involved or have been involved in bankruptcy proceedings.

24. Defendant has failed to implement any system to properly identify bankruptcy accounts notwithstanding that the fact that it knows the present system has no discernible impact on whether or not it continues collection activities.

25. The Plaintiffs has been severely agitated, annoyed, traumatized, emotionally damaged and have otherwise been unduly inconvenienced by the actions of the Defendant.

## COUNT I: WILLFUL VIOLATION OF DISCHARGE INJUNCTION

26. The allegations of paragraphs 1-25 above are realleged and incorporated herein by reference.

27. The actions of Defendants in this case, in seeking to collect payment on a discharged debt by falsely and deceptively attempting to coerce the debtor are in violation of the discharge injunction entered in Plaintiff's bankruptcy case pursuant to 11 U.S.C. § 524, and constitute contempt of bankruptcy court orders.

28. The Plaintiff alleges that the actions of the Defendants in seeking to collect on a debt nearly a year after the debtor's lawful discharge, constitute a gross violation of the discharge injunction as

set forth in 11 U.S.C. Section 524.

29. The conduct of the Defendants in this case has substantially frustrated the discharge order entered by this Court and has caused the debtor unwarranted and unnecessary time, effort and expense in seeking to enforce rights guaranteed by the Bankruptcy Code, by Contract, and by prior actions of the Defendants.

30. In order to carry out the provision of the Code and to maintain its integrity this Court must impose actual damages, punitive damages and legal fees against the Defendants pursuant to the provisions of Section 105 of the Code.

31. In order to protect debtors who have secured a full discharge thereunder this Court must impose sanctions against the Defendants for their misconduct in this case.

32. As a result of the Defendants' violation of 11 U.S.C. Section 524, the Defendants are liable to the Plaintiff for actual damages, punitive damages and legal fees under Section 105 of Title 11 of the United States Code.

**WHEREFORE,** the Plaintiff having set forth his claims for relief against the Defendants respectfully pray of the Court as follows:

A. That the Plaintiff have and recover against the Defendants a sum to be determined by the Court in the form of actual damages;

B. That the Plaintiff have and recover against the Defendants a sum to be determined by the Court in the form of statutory damages;

C. That the Plaintiff have and recover against the Defendants a sum to be determined by the Court in the form of punitive damages;

D. That the Plaintiff have and recover against the Defendants all reasonable legal fees and expenses incurred by their attorney;

E. That the Plaintiff have such other and further relief as the Court may deem just and proper.

## COUNT II: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

33. The allegations of paragraphs 1-32 above are realleged and incorporated herein by reference.

34. The foregoing acts and omissions by the Defendants constitute violations of the FDCPA, which include, but are not limited to, the following:

(a) The Defendants violated 15 U.S.C. § 1692f(1) by collecting or attempting to collect amounts not permitted by law and by otherwise using unfair and unconscionable methods; and

(b) The Defendants' violated 15 U.S.C. Section 1692d by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the

collection of a debt, 15 U.S.C. Section 1692d.

**WHEREFORE,** the Plaintiff having set forth his claims for relief against the Defendants respectfully pray of the Court as follows:

A.  That the Plaintiff recovers against each and every Defendant, jointly and severally, a sum to be determined by the Court in the form of actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

B.  That the Plaintiff recovers against each and every Defendant, jointly and severally, a sum to be determined by the Court in the form of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

C.  That the Plaintiff recovers against each and every Defendant, jointly and severally, an award of attorney's fees, witness fees, court costs and other litigation costs pursuant to 15 U.S.C. § 1692k(a)(3)

D.  That the Plaintiff have such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on all issues so triable.

Dated this 4th day of May, 2011.

_____
/s/ Robinson S. Rowe
Robinson S. Rowe, Bar No. 27752
5906 Hubbard Dr.
Rockville, MD 20852
Phone (301) 770-4710
Fax (301) 770-4711
e-mail: rrowe@rowepllc.com